**Majority and Dissenting Panel Opinions of October 15, 2013 Withdrawn, Reversed and Remanded and En Banc Majority, Concurring, and Dissenting Opinions filed June 5, 2014.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-12-00642-CR

---

### KENNETH LEE DOUDS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 1 & Probate Court
Brazoria County, Texas
Trial Court Cause No. 180270**

---

## E N   B A N C   C O N C U R R I N G   O P I N I O N

I join in all respects the majority's extensive analysis and conclusion that the State failed to establish exigent circumstances to support its warrantless blood draw under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), and *Schmerber v. California*, 384 U.S. 757 (1966). I write separately to emphasize my view that the difference in opinion of my colleagues is not one of constitutional magnitude – it is one of permissible inferences.

On the law, we all agree that the natural dissipation of alcohol in the bloodstream is not, standing alone, an exigent circumstance and that there is a presumption that this warrantless blood draw is unconstitutional.

On the standard of review, we all agree that we use an objective, not a subjective, approach when evaluating whether "the circumstances" justify the warrantless search.

On the facts, we all agree that we must give deference to Officer Tran's statement that he completed a mandatory blood draw based on "the total circumstances" and on his belief that appellant's wife was hurt and needed medical attention. These proffered justifications must not only receive deference but must also be viewed in the light most favorable to the trial court's denial of the motion to suppress, indulging all permissible inferences.

The only regard in which our opinions diverge, from my perspective, is what we may infer from Officer Tran's statement that he relied upon the "totality of the circumstances." I believe it serves as no evidence from which a permissible inference may be drawn to justify a warrantless blood draw at 4:45 a.m. The conclusory statement is no evidence of subjectively perceived exigent circumstances and it supplies no facts from which I am able to objectively glean exigent circumstances. Therefore, we are left with the other evidence.

Viewing that evidence as we must, we know that Officer Tran came to the scene of a collision around 2:30 a.m. and started investigating. Officer Tran was simultaneously trying to determine if appellant's wife was hurt; if appellant was hurt; and if appellant was intoxicated. EMS arrived and departed – without appellant's wife. Officer Tran arrested appellant by about 3:20 a.m., took him to the police department by about 3:35 a.m., gave him his warnings by about 3:45

2

a.m., transported him to a medical facility, and then his blood was drawn by about 4:45 a.m.

From about 2:30 a.m. until about 4:45 a.m., the alcohol in appellant's blood was dissipating. We all agree that such circumstance is not enough for a warrantless blood draw. If we infer – although the dissent does not suggest it and the evidence does not support it – that Officer Tran was alone at the scene and then we infer that *because* Officer Tran was alone, he was unable to obtain a warrant while he was tending to appellant's wife; tending to appellant; tending to EMS personnel; and investigating the accident, our "inferences" take us no further than about 3:30 a.m. when Officer Tran left the scene and took appellant to the police station. There is nothing argued or offered about the totality of the circumstances from about 3:30 a.m. to 4:45 a.m. that supports a finding of continued exigent circumstances. The totality of the circumstances that may support (a) a need to render medical assistance or determine whether medical assistance was needed, (b) a need to determine whether appellant was intoxicated, or (c) a need to investigate the collision *no longer existed* when EMS left and Officer Tran and appellant left the scene.

Our deference to the implied factual findings cannot substitute for evidence. The inferences we indulge must arise from evidence. An officer's bald reference to the "totality of the circumstances [known to him but not disclosed for purposes

3

of objective analysis]" does not yield an appropriate inference that an emergency of unlimited duration existed.


/s/     Sharon McCally
          Justice


En Banc Court consists of Chief Justice Frost and Justices Boyce, Christopher, Jamison, McCally, Busby, Donovan, Brown, and Wise.
Justices Christopher, McCally, Wise, and Brown join the En Banc Majority Opinion authored by Justice Busby. Justice McCally issues an En Banc Concurring Opinion. Justice Boyce issues an En Banc Dissenting Opinion in which Chief Justice Frost and Justices Jamison and Donovan join.

Publish — Tex. R. App. P. 47.2(b).